IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN A. PARMELEE,

        Plaintiff,

   v.

CHARLES PORE, et al,

        Defendants.
_____

Civil No. 05-3042-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983 against defendants Charles Pore, Philip A. McDonald, James R. Parmelee, Deanne E. Fulstone, Perry O. Parmelee, Lois E. Parmelee, and Lake County, Oregon. (Plaintiff's Complaint). Defendants James R. Parmelee, Deanne E. Fulstone, Perry O. Parmelee, and Lois E. Parmelee move to dismiss plaintiff's complaint. (#6 and #8). Plaintiff did not respond to these motions.

## I. FACTS

Plaintiff's complaint contains the following relevant allegations, which are herein directly quoted:

2. Defendant Charles Pore is a Deputy Sheriff employed by the Lake County Sheriff's Office, State of Oregon, and resides in Lake County.

3. Defendant Philip McDonald is the elected Sheriff of Lake County, State of Oregon, the Supervisor of Deputy Pore, and resides in Lake County.

4. Defendant James R. Parmelee is currently the husband of Susan A. Parmelee, and resides with Deanne E. Fulstone in Lake County, State of Oregon.

5. Defendant Deanne E. Fulstone is the live-in girlfriend of James R. Parmelee and resides with James R. Parmelee in Lake County, State of Oregon.

6. Defendant Perry Parmelee is the father of James R. Parmelee, the father-in-law of Susan A. Parmelee, and resides in Lake County, State of Oregon.

7. Defendant Lois Parmelee is the mother of James R. Parmelee, the mother-in-law of Susan A. Parmelee, and resides in Lake County, State of Oregon.

8. Defendant Lake County is a duly authorized subdivision of the State of Oregon under Oregon law and a public body liable for the tortious conduct of its agents and employees.

15. At all times relevant to the events in this Complaint, the Defendants Charles Pore and Philip McDonald, and each of them, were

acting under color of laws of the State of Oregon and United States of America, and/or were conspiring with or acting in concert with each other and the other named Defendants to deprive the Plaintiff of her federal and state Constitutional and statutory rights.

17. On November 25, 2004, Lake County Deputy Sheriff Charles Pore was dispatched to the residence of James R. Parmelee and Susan A. Parmelee upon allegations of James R. Parmelee that someone, probably his wife, Susan A. Parmelee, had committed criminal acts under Oregon law: burglary, theft and malicious destruction of various items of marital and separate property.

20. During his investigation on or about and after November 25, 2004, Deputy Pore made no effort to determine the actual ownership of any of the alleged "stolen" or "destroyed" property other than the oral statements of James R. Parmelee, the Parmelee family, and/or Ms. Fulstone. Deputy Pore made no effort to determine whether any of the alleged "stolen" or "destroyed" property was the separate property of Susan A. Parmelee, the separate property of James R. Parmelee, or the marital property of James R. Parmelee and Susan A. Parmelee, or whether it even existed prior to November 25, 2004. Deputy Pore knew, pursuant to his investigation that day and thereafter, that James R. and Susan A. Parmelee had lived and resided in their home together for five years prior to November 25, 2005 and they had also used the shop, garage, other outbuildings and various vehicles for business and personal purposes as husband and wife.

25. On December 1, 2004, Deputy Pore drove a marked Lake County Sheriff's Office patrol vehicle from Lakeview, Oregon, to Klamath Falls, Oregon while ostensibly on his way to Medford, Oregon, on "private business." Since Deputy Pore had learned that Susan A. Parmelee was probably residing with her daughter, Kasey Jones, in Klamath Falls, Oregon, Deputy Pore decided to stop at the residence of Kasey Jones to see if Susan A. Parmelee was there, attempt to interview her, and issue her a ticket or citation for a crime or crimes complained of by James R. Parmelee.

26. Deputy Pore, dressed in civilian clothes, drove to 3337 South Laverne in Klamath Falls, approached the front door, and made contact with Susan A. Parmelee in the doorway of Kasey Jones's residence. Deputy Pore identified himself and showed Susan A. Parmelee his identification. When Deputy Pore began to ask Susan A. Parmelee questions about his investigation, Susan A. Parmelee invoked her Fifth [Amendment] right to silence and Sixth Amendment [right] to counsel by politely informing Deputy Pore that she had been advised by her attorney not [to] talk to anyone about the facts of his investigation without her attorney's presence. Instead of issuing her a ticket or citation, Deputy Pore decided to make a full, custodial arrest without prosecutorial or judicial review because of Susan A. Parmelee's invocation of her Fifth and Sixth Amendment constitutional rights.

29. Thereafter, Deputy Pore contacted his supervisor, Lake County Sheriff Philip McDonald by phone and reviewed the facts of the

FINDINGS AND RECOMMENDATION - 4

case, the arrest of Susan A. Parmelee, and the claimed failure of his tape recorder to document any of the conversations Deputy Pore had with Susan A. Parmelee at any time on December 1,2004.

33. During December 2004 and continuing through March 2005, members of the Parmelee family, by phone and in person, attempted to contact, influence and badger, and contacted, influenced and badgered, the Lake County Sheriff and the Lake County District Attorney into filing criminal charges against Susan A. Parmelee.

35. On or about March 18, 2005, Grand Jury proceedings were initiated by the Lake County District Attorney to seek the indictment of Susan A. Parmelee on different criminal charges than (sic) Deputy Pore had alleged in his reports and affidavit on or about December 1, 2005. The District Attorney for Lake County refused to have the Grand Jury proceedings memorialized by a Certified Court Reporter or tape recorded, including

(1) the testimony by Grand Jury witnesses;

(2) instructions on the law;

(3) questions by Grand Jurors to the witnesses;

(4) statements by the District Attorney in opening statement or closing statement; and

(5) any colloquy between the witnesses, the District Attorney and the Grand Jurors as to the facts and/or the applicable law in an effort to protect the witnesses from impeachment or prosecution in subsequent criminal or civil proceedings. In addition, the District Attorney misstated the facts in questioning of one or more witness in an effort to influence the

FINDINGS AND RECOMMENDATION - 5

Grand Jurors to indict Susan A. Parmelee. The District Attorney had to be corrected in front of the Grand Jurors by one or more witnesses as to his misstatement of material facts. Despite the previous letter of Gary L. Hedlund of November 30, 2004 and subsequent contact with the undersigned [attorney] through March 2005, the District Attorney refused to present exculpatory testimony and/or evidence to the Grand Jurors, or invite Susan A. Parmelee to testify before the Grand Jurors. Further, the District Attorney offered less than trial type evidence at the Grand Jury proceedings as is required by O.R.S. 132.320(1) in a further effort to falsely indict Susan A. Parmelee and insulate Lake County, the Lake County Sheriff Philip McDonald, Lake County Deputy Sheriff Charles Pore and the Parmelee family from civil and criminal liability.

38. The conspiracy: On or about and after December 1, 2004, in the District of Oregon and elsewhere, Defendants Charles Pore and Philip McDonald, acting under color of the law of the State of Oregon, James R. Parmelee, Perry Parmelee, Lois Parmelee and Deanne E. Fulstone, and Lake County, did knowingly, intentionally, and with actual malice, combine, conspire and confederate together to deny Susan A. Parmelee her constitutional right to be secure in her person from unreasonable seizures, guaranteed by the Fourth, Fifth and Sixth Amendments to the United States Constitution including but not limited to (1) her right to have any arrest supported by probable cause, (2) to her right against unreasonable seizures of her person, (3) to her

substantive and procedural due process rights not to be deprived of liberty, or property without due process of law, (4) to her right to fair pre-trial procedures and to a fair trial, (5) to her right to silence, and (6) to her right to counsel by making and reporting false and fraudulent statements, by commission and by omission, about the ownership of personal and real property, the value of personal property alleged to be "stolen" or "destroyed," and in attempting to conceal, or concealing the same and/or similar "criminal" acts by James R. Parmelee from the district attorney, the grand jurors and any neutral and detached magistrate.

39. The following overt acts and failures to act were committed in furtherance of the conspiracy:

(1) On November 25, 2004, Deputy Pore met with James R. Parmelee

(2) On November 25 and thereafter, Deputy Pore did not tape record his interview with James R. Parmelee or any member of the Parmelee family with regards to the criminal investigation of Susan A. Parmelee;

(3) On December 1, 2004, Deputy Pore traveled to Klamath Falls, Oregon;

(4) On December 1, 2004, Deputy Pore failed to contact or present "probable cause" to the Lake County District Attorney or the Klamath County District Attorney for any crimes he was investigating;

(5) On December 1, 2004, Deputy Pore failed to contact or present "probable cause" to a judge of Lake County or Klamath County in

order to obtain an arrest warrant for Susan A. Parmelee;

(6) On December 1, 2004, Deputy Pore arrested Susan A. Parmelee without a warrant in Klamath County on several felony and misdemeanor crimes and took her into custody;

(7) On December 1, 2004, Deputy Pore did not advise Susan A. Parmelee of her constitutional rights, did not contact her attorney before attempting to interrogate Susan A. Parmelee, and did not obtain a waiver from Susan A. Parmelee of her constitutional rights;

(8) On December 1, 2004, Deputy Pore transported Susan A. Parmelee from Klamath County to Lake County without judicial authorization or supervision;

(9) On December 1, 2004, Deputy Pore had a telephone conversation with Lake County Sheriff Philip McDonald;

(10) On December 1, 2004, Deputy Pore prepared a sworn statement of probable cause for his arrest of Susan A. Parmelee;

(11) On December 2, 2004 and thereafter, Deputy Pore, James R. Parmelee, Deanne E. Fulstone, Perry Parmelee and Lois Parmelee contacted the Lake County District Attorney and his staff by phone and in person;

(12) On January 6, 2005 and thereafter, Deputy Pore and Sheriff Philip McDonald contacted the Lake County District Attorney and his staff by phone and in person;

(13) On March 18, 2005, the Lake County District Attorney conducted Grand Jury proceedings without the presence of a certified court reporter and/or without tape recording the

proceedings.

41. As alleged at ¶¶ 13 to 36 of this Complaint, on or about December 1,2004, and thereafter including to the date of [the filing of this complaint] . . . , in Klamath and Lake County, State of Oregon, the Defendants, Charles Pore and Philip McDonald, while acting under color of the law of the State of Oregon, aided and abetted by James R. Parmelee, Perry Parmelee, Lois Parmelee and Deanne E. Fulstone, knowingly, intentionally and with malice, denied Susan A. Parmelee her clearly established right to be arrested pursuant to a warrant supported by probable cause as to the material elements of a crime or crimes as guaranteed by the Fourth Amendment to the United States Constitution, by refusing to review probable cause for the arrest of Susan A. Parmelee with the District Attorney of Lake County or Klamath County, and/or by refusing to submit a factual statement under oath before a judge in Lake County or Klamath County in order to obtain an arrest warrant for Susan A. Parmelee.

49. As alleged at ¶¶ 13 to 36 of this Complaint, on or about December 1, 2004, and thereafter including the date of this filing, in Klamath [County] and Lake County, State of Oregon, the Defendants, Charles Pore and Philip McDonald, while acting under color of the law of the State of Oregon, aided and abetted by James R. Parmelee, Perry Parmelee, Lois Parmelee and Deanne E. Fulstone, knowingly, intentionally and with malice, denied Susan A. Parmelee her clearly established right to due process of law, and to fair pre-trial and trial procedures, by not tape recording

FINDINGS AND RECOMMENDATION - 9

or obtaining written statements of the complaining witnesses, by not tape recording the statements and conversations between Deputy Pore and Susan A. Parmelee, by not having Grand Jury proceedings recorded by a certified court reporter or tape recorded, and by the submission of less than trial qualified evidence to the Grand Jury.

## II. **LEGAL STANDARDS**

Federal courts require notice pleading. A pleading must contain a short and plain statement of the claim showing the party is entitled to relief. Jones v. Community Redevelopment Agency of the City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1983). It must give fair notice and state the elements of the claim plainly and succinctly. Id.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can plead no set of facts in support of a claim. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002)(citations omitted). The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). The need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988, opinion amended on denial of rehearing, 275 F.3d 1187 (9th Cir. 2001)(citations omitted).

## III.  **DISCUSSION**

Defendants move to dismiss plaintiff's complaint for failure to state a claim.

A defendant in a civil rights action must personally participate in the alleged wrongs in order to incur liability. Jones v. Williams, 297 F.3d 930, 936 (9th Cir. 2002). The mere presence of the defendant when the deprivation occurs is not sufficient; the defendant must have participated in the acts themselves. Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996).

It is clear from the allegations in plaintiff's complaint that the moving defendants did not personally participate in the arrest, interrogation, prosecution or incarceration of plaintiff. Therefore, defendants' motions to dismiss the complaint should be granted.

The essential elements of a § 1985(3) conspiracy claim include the following: 1) a conspiracy of two or more persons, 2) who are motivated by a specific class-based, invidiously discriminatory animus, to 3) deprive the plaintiff of equal enjoyment of rights secured by the law to all, 4) and which results in injury to the plaintiff as, 5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Buschi v. Kirven, 775 F.2d 1240, 1256 (4th Cir. 1985). To state a cause of action under § 1985(3), the complainant must allege that the acts complained of were the product of racial or class-based animus. Griffin v. Breckenridge, 403 U.(9th Cir. 2001) S. 88, 96-103 (1971);

FINDINGS AND RECOMMENDATION - 11

Komasinski v. I.R.S., 588 F.Supp. 974, 977 (N.D. Ind. 1984). A complaint that does not contain such allegations will be dismissed. Id. Both § 1985(3) requires an allegation of racial or class based animus. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Plaintiff has not alleged a conspiracy claim under § 1985.

42 U.S.C. § 1983 provides a cause of action for anyone deprived of rights secured by the constitution or laws of the United States as long as the deprivation took place under color of state law. Komasinski, 588 F.Supp. at 977. When a complaint fails to allege a deprivation effected under color of state law, it must be dismissed for failure to state a claim. Id.

In order for an act to be done under color of state law, it is necessary that the actor be vested with some type of actual authority. Elders v. Consolidated Freightways Corporation of Delaware, 289 F.Supp. 630 (D.Minn. 1968). "To some extent the state itself must be involved, or the alleged wrongdoer must be acting under its authority or wielding a power of the sort commonly attached to the state." Id. at 634.

For private party defendants to be liable under a § 1983 claim, plaintiff must show that defendants acted under color of state law and that they caused plaintiff to be deprived of a right secured by the constitution and the laws of the United States. Howerton v. Garcia, 708 F.2d 380, 382 (9th Cir. 1983). Conclusory allegations in the pleadings, unsupported by facts, will be rejected as insufficient to state a claim. Jones, 733

F.2d at 649 (quoting <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977).  The plaintiff must allege, with some particularity, overt acts which defendants engaged in that support plaintiff's claim.  <u>Id</u>. (citations omitted).  Plaintiff must allege that the parties have reached a unity of purpose, a common design or understanding, or a meeting of the minds in an unlawful arrangement.  <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989); <u>Transgo v. Ajac Transmission Parts Corp.</u>, 768 F.2d 1001, 1020 (9th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1059 (1986).  The plaintiff must allege facts which show that there was an understanding between individuals and state actors.  <u>See Adicks v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970).

Actions taken by private individuals may be under color of state law where there is significant state involvement in the action.  <u>Howerton v. Gabica</u>, 708 F.2d 380, 382 (9th Cir. 1983). Conduct which is purely private is immune from § 1983 liability. <u>Arnold v. International Business Machines Corp.</u>, 637 F.2d 1350, 1356 (9th Cir. 1981).  Recourse to state or local court procedures does not by itself constitute joint activity with the state under § 1983.  <u>See Dennis v. Sparks</u>, 449 U.S. 24, 28 (1980).

Plaintiff's allegations of conspiracy are insufficient to state a claim.  Plaintiff cannot rely on mere allegations of a conspiracy without factual support.  <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).  Defendants motions' to dismiss should be granted.

FINDINGS AND RECOMMENDATION - 13

**Attorney's Fees**

Defendants James R. Parmelee and Deanne E. Fulstone moves for an award of attorney's fees pursuant to 42 U.S.C. § 1988. A prevailing defendant is entitled to attorney fees under 42 U.S.C. § 1988 only when the plaintiff's claims are "groundless, without foundation, frivolous, or unreasonable." McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir.1987). Plaintiff's § 1983 claims do not satisfy this standard. Therefore, defendants Fulstone and James R. Parmelee's request for an award of attorney's fees should be denied.

## V. RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motions to dismiss (#6 and #8) be granted, and defendants Fulstone and James R. Parmelee's request for an award of attorney's fees be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration

of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

        DATED this \_\_\_\_19_____ day of July, 2005.

        _____/s/_____
             UNITED STATES MAGISTRATE JUDGE